UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT E. BANKS,

        Petitioner,

vs.                               Case No. 3:07-cv-143-J-12JRK

WALTER A. MCNEIL, et al.,

        Respondents.

_____

## ORDER

### I. Status

Petitioner, an inmate of the Florida penal system, initiated this action by filing a Petition (Doc. #1) (hereinafter Petition) for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 1, 2007. He challenges his June 12, 2005, disciplinary report for obscene profane act. Ex. A.[1] Three grounds are raised claiming the denial of procedural due process of law in the disciplinary proceeding.

Petitioner was notified of the charges on August 19, 2005. Id. He was advised that a no contest plea would be treated as a guilty plea. Id. at A2. An investigation was conducted. Ex. B. The charging staff member was interviewed. Id. Petitioner provided a witness statement. Ex. C. Petitioner listed Sgt. D.

---

[1] The Court will refer to Respondents' Exhibits (Doc. #7) as "Ex."

Madnick as a material witness. Ex. D. Sgt. Madnick provided a witness statement. Ex. E. The explanation for the delay in the investigation was recorded: "On 6/16/05 inmate Banks was transferred to SFRC for crisis stabilization." Ex. B.

On the Disciplinary Report Log, it was reported that the investigation began on June 12, 2005, and concluded on June 22, 2005. Ex. F. It was noted that Petitioner was transferred to crisis stabilization on June 16, 2005. Id. He was notified of the charges on August 19, 2005. Id. At the hearing on August 23, 2005, Petitioner declined staff assistance and pled no contest. Id. He was found guilty of the disciplinary charge based upon his plea of no contest. Id. It was noted that the hearing was delayed because Petitioner was "transferred for TCU[.]" Id. Petitioner was sentenced to thirty days of disciplinary confinement and he lost ninety days of gain time. Id.

Petitioner grieved the matter to the warden. Ex. G. He alleged that he was denied due process of law because the disciplinary report was not forwarded to him at Lake Correctional Institution, where he was confined in crisis stabilization, transitional care and administrative confinement. Id. The response states:

> Your grievance regarding DR log# 463-050858, was received and evaluated. The investigation revealed the DR team based their decision of guilt on the statement of facts reported by Officer K. Turner and Sgt. Madnick as a live witness to the incident that you were observed

2

>stroking your erect penis in a back and forth
>motion. Due to your status of crisis and
>placement in SOS status, on June 13, 2005, and
>transferred for CSU care [sic] until you
>returned to the institution on August 19,
>2005, the processing of the above mentioned DR
>was delayed until it was determined that you
>were of sound mind to participate in the [sic]
>established disciplinary report procedures.
>The DR was placed in a temporary hold status
>until such time was permissible within
>guidelines to proceed. Based on the
>foregoing, your grievance is denied.

Ex. G2.

Petitioner appealed to the Secretary, Florida Department of Corrections. Ex. G3. He argued that the disciplinary charge should have been forwarded to crisis stabilization or transitional care, and the hearing should have been conducted there. Id. He also argued that his competency should have been determined by mental health. Id. The appeal was denied, finding Petitioner had not provided sufficient information to warrant a dismissal of the disciplinary report. Ex. G4.

Petitioner filed another grievance to the warden. Ex. H. Petitioner complained about deficiencies in the statement of facts. Id. In denying the grievance, it was stated:

>Your grievance regarding DR log# 463-050858,
>was received and evaluated. The Investigation
>revealed the DR team based their decision of
>guilt on the statement of facts provided by
>Officer Turner and witnessed by Sgt. Madnick
>that you were observed stroking your erect
>penis in a back and forth motion. Section 1
>of the DR worksheet which identifies inmate's
>information, location, charges, date of
>infraction and date report was written, the

> date of delivery of charges, the delivering
> staff member asked if you needed any staff
> assistance and you declined. The disciplinary
> charge of 9-1, was written in accordance with
> rule 33-601.314. Based on the foregoing, your
> grievance is denied.

Ex. H2. Petitioner appealed to the Secretary, Ex. H3, and the appeal was denied, noting the specific rule is listed in the title of the heading in section 1. Ex. H4.

Petitioner filed a third grievance with the warden. Ex. I. He complained that Sgt. Madnick submitted a witness statement but was not listed as a staff witness. Id. In denying this grievance, it was stated:

> Your grievance regarding DR log# 463-050858,
> was received and evaluated. The investigation
> revealed the DR team based their decision of
> guilt on the statement of facts provided by
> Officer Turner that you were observed stroking
> you erect penis in a bakc [sic] an[d] forth
> motion. During the investigation process of
> the DR, the investigating staff member will
> interview all relevant witnesses to the
> incident and they (witnesses) will provide a
> written witness statement, DC6-112C. The
> investigating staff member will interview any
> staff and/or inmates that may be relevant. In
> such case, Sgt. Madnick provided a written
> witness statement indicating that she observed
> you in Wing 1 of Delta dormitory standing by
> the phones turned towards her as she stood in
> Wing 1 door and you were putting your exposed
> penis back inside your opened, unbuttoned
> front pants. The DR charge of 9-1 was
> processed in accordance with rule 33-601.
> DENIED.

Ex. I2. Petitioner appealed to the Secretary, Ex. I3, and the appeal was denied, stating that the intent of the rule was accomplished by taking the statement of Sgt. Madnick.[2] Ex. I4.

Petitioner submitted his fourth grievance to the warden. Ex. J. He asserted that the mental health staff never determined that he was competent prior to his disciplinary hearing. Id. The response states:

> Your grievance regarding the DR you received log# 463-050858, was received and evaluated. The investigation into your complaint reveals the DR along with the penalty imposed by the team was in [sic] processed in accordance with the guidelines set forth by the department of corrections. The team based their decision of guilt on the statement of facts reported by Officer Turner and your plea of no contest. Mental Health was contacted and stated that you are responsible for your actions. Based on the foregoing, your grievance is denied.

Ex. J2. Petitioner appealed to the Secretary, Ex. J3, and his appeal was denied, finding Petitioner did not provide sufficient information to warrant a dismissal of the disciplinary report. Ex. J4.

On October 14, 2005, pursuant to the mailbox rule, Petitioner filed a Petition for Writ of Mandamus in the Second Judicial Circuit. Ex. K. An Order Denying Mandamus Relief was entered on June 23, 2005. Ex. L. In pertinent part it states:

---

[2] The Court notes that Petitioner requested Sgt. Madnick as a material witness. Ex. D

5

The petitioner challenges administrative disciplinary proceedings against him which began on June 12, 2005, when petitioner was issued a disciplinary report for an obscene or profane act. An investigation was commenced, and notice of the infraction was given to the petitioner on August 19, 2005. (Defendant's Exhibit A). Plaintiff [sic] was afforded the opportunity to submit a statement of his version of the incident. (Defendant's Exhibit C.) Plaintiff [sic] was given the opportunity to request witnesses. (Defendant's Exhibit D.) The disciplinary hearing was held on August 23, 2005, and petitioner pled no contest. (Defendant's Exhibit F). After the hearing, the disciplinary hearing team found the petitioner guilty of the infraction based on his plea. Plaintiff [sic] was assigned 30 days in disciplinary confinement and days of gain time [sic] and forfeited 90 days of accrued gain time. (Defendant's Exhibit F). Plaintiff [sic] asserts that his due process rights were violated because: 1) the DR's statement of facts did not contain the specific rule violated, a description of the violation, or the fact that he was placed in administrative confinement pending the outcome of the disciplinary hearing; 2) the DR's statement of facts did not contain all staff witnesses; 3) the DR was not forwarded when he was transferred so that the hearing could be held at either CSU or TCU; and 4) the Mental Health unit did not document that he was competent.

Plaintiff [sic] has waived all of his technical arguments of due process violations because he pled no contest to the disciplinary charge. Pursuant to Rule 33-601.307(1)(g), F.A.C., "[a] 'no contest' plea shall be handled as a guilty plea." "Prison disciplinary proceedings are not a part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974). Even in a criminal case, a voluntary plea of guilty waives any non-jurisdictional

> defects. See e.g., Trawick v. State, 473
> So.2d 1235 (Fla. 1985); Rosemond v. State, 433
> So.2d 635 (Fla. 1st DCA 1983). A voluntary
> plea of guilty constitutes a waiver of even
> the most fundamental constitutional rights.
> Brady v. State, 518 So.2d 1305 (Fla. 3d DCA
> 1987). One who pleads guilty is not entitled
> to appeal [a] conviction entered pursuant to
> the plea or court rulings made prior to
> entering the plea, except where there is a
> question as to validity of the plea itself.
> Trawick, at 1239.
>
> Nothing in the record reflects that
> Plaintiff's [sic] plea was anything but
> voluntary. As such, Plaintiff [sic] has
> waived any due process claims he may have had.
> Further, Rule 33-601.307(1)(g), F.A.C. states,
> "[i]f the inmate pleads 'guilty,' no further
> evidence needs to be heard[,]". See Rule 33-
> 601.307(1)(g), F.A.C. Plaintiff [sic] may not
> now come forward and challenge his
> disciplinary conviction upon alleged grounds
> of procedural errors and rule violations.

Ex. L.

Petitioner appealed, filing a Petition for Writ of Certiorari in the First District Court of Appeal. Ex. M. The First District Court of Appeal, in an Opinion filed January 31, 2007, said: "We reject petitioner's contention that the circuit court departed from the essential requirements of law when it denied his petition for writ of mandamus." Ex. N. With that, the court denied the petition for writ of certiorari as it pertained to the final order denying mandamus relief. Id.

Petitioner filed his Petition (Doc. #1) in this Court on March 1, 2007. Respondents filed an Answer (Doc. #7) (hereinafter

7

Response) on June 27, 2007. Petitioner's Reply (Doc. #8) was filed on July 16, 2007. See the Court's Order (Doc. #4).

## II. Evidentiary Hearing

An evidentiary hearing is not warranted. Rule 8, Rules Governing Section 2254 Cases in the United States District Courts. The pertinent facts of the case are fully developed in the record before the Court. No evidentiary proceedings are required in this Court. The Court can adequately assess Petitioner's claims without further factual development.

## III. Law and Conclusions

Petitioner seeks the reinstatement of his gain time credits. First, "[w]ithin the context of the due process clause, claims for gain-time credits based on a State's forfeiture are cognizable in a federal habeas proceeding." Bell v. Sec'y, Dep't of Corr., No. 8:06-CV-2377-T-30MAP, 2008 WL 4790730, at *2 (M.D. Fla. Oct. 29, 2008) (not reported in F.Supp.2d) (citations omitted).

As this Court recently opined:

> A state prisoner may seek federal habeas review of the loss of gain time as a result of a state prison disciplinary proceeding that allegedly violates his due process rights, but such habeas review is governed by the restrictions set forth under 28 U.S.C. § 2254. *Medberry v. Crosby*, 351 F.3d 1049, 1054 (11th Cir. 2003). Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), the role of a federal habeas court when reviewing a state prisoner's petition pursuant to 28 U.S.C. § 2254 is limited. *See Williams v. Taylor*, 529 U.S. 362, 403-404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Specifically,

8

> pursuant to § 2254(d)(1), the writ may issue only if (1) the state court's adjudication resulted in a decision that "(1) 'was contrary to . . . . clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) "involved an unreasonable application of . . . . clearly established Federal law, as determined by the Supreme Court of the United States.'" *Id.* at 412-13 (quoting 28 U.S.C. § 2254(d)(1)).
>
> In view of these governing standards, a federal court may not undertake a *de novo* review of the merits of a claim that a petitioner's due process rights were violated in connection with a prison disciplinary case. Rather, *Medberry* requires that the district court review a claim only to determine whether the state court's application of clearly established federal law was unreasonable. *Medberry*, 351 F.3d at 1054 n.5.
>
> The Supreme Court has held that when a prison disciplinary proceeding may result in the loss of time credits, a prisoner is entitled to the following three procedural protections: (1) advance written notice of the charges and at least 24 hours to prepare a defense; (2) an opportunity, consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his own behalf; and (3) a written statement by the fact-finder of the evidence relied upon and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-66, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Due process standards are satisfied if the findings of the disciplinary officer are supported by "some evidence." *Superintendent, Mass. Corr. Inst., v. Hill*, 472 U.S. 445, 447, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985).

<u>Williams v. Sec'y, Dep't of Corr.</u>, No. 5:07-cv-97-Oc-10GRJ, 2009 WL 1513412, at *1 (M.D. Fla. May 27, 2009).

Based upon a thorough review of the record, Petitioner was afforded all the process he was entitled to under Wolff. See Ex. L at 1-2; Response at 10. "Here, the evidence relied upon by the disciplinary team was petitioner's admission of guilt, including the facts contained in the officer's charging disciplinary report. This constitutes some evidence and is thus sufficient to support the disciplinary conviction." Schmidt v. McNeil, No. 5:08cv63/RS-MD, 2009 WL 1260009, at *7 (N.D. Fla. May 6, 2009) (citation omitted) (rejecting a due process claim of a petitioner that pled no contest to a disciplinary charge).

Petitioner's due process claims were rejected on the merits by the circuit court, and the First District Court of Appeal affirmed the circuit court's order. Ex. L; Ex. N. Thus, there are qualifying state court decisions from both the state circuit and appellate courts. Upon a thorough review of the record and the applicable law, it is clear that the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. See Response at 11-12. Accordingly, Petitioner is not entitled to relief on the basis of these due process claims.

Any other claims not specifically addressed are found to be without merit. Accordingly, for all of the above-stated reasons,

the Petition will be denied and this case will be dismissed with prejudice.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Petitioner's June 13, 2008, Motion for Summary Judgment (Doc. #12) is **DENIED**.

2. The Petition (Doc. #1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE.**

3. The Clerk of the Court shall enter judgment denying the Petition and dismissing the case with prejudice.

4. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 25TH day of September, 2009.

Howell W. Melton
UNITED STATES DISTRICT JUDGE

sa 9/17
c:
Robert E. Banks
Ass't A.G. (Toothman)